FILED        Wilkes-Barre, PA.
February 9, 2022
Clerk, U.S. Bankruptcy Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| In Re: Leticia R. Couttien, | : | Chapter 7 |
| Debtor | : | Case No: 5:14-bk-02262-HWV |

**OPPOSITION TO DEBTOR MOTION TO REOPEN BANKRUPTCY CASE**

    Now comes Hal H. Harris ("Harris") and Terence A. Colbert ("Colbert") collectively referred to hereinafter as "Creditors" and move This Court to deny Debtor's Motion To Reopen Debtor's Bankruptcy Case ("Debtor's MTR"), and in support thereof Creditors avers as follows;

1. Creditors were Plaintiffs in the Adversary Proceeding against Debtor found at This Court's Case No: 5:14-ap-bk-00269 ("The AP") that was resolved in accordance with the *Stipulation To Resolve Adversary Proceeding* ("The Stipulation") and *Affidavit of Debtor/Defendant* ("Debtor's Affidavit") that was an integral part of The Stipulation.

2. The Stipulation, found at The AP Docket Entry #196, voluntarily entered into by Debtor, while Debtor was represented by legal counsel and Creditors were proceeding as Pro Se litigants, was retroactively made an ORDER of This Court by the late Honorable John J. Thomas' issuance of the Amended Order on February 28th, 2018. See The AP Docket Entry #202.

3. Contrary to Debtor's false claim, Creditors have not violated Debtor's discharge. Instead, Creditors are pursuing Debtor in the pending civil action styled *Leticia Couttien v. Terrence Colbert and Hal Harris* in the Court of Common Pleas of Pike County, PA at Docket No. 1171-CIV-2013 ("State Case") in accordance with paragraph 15 of The Stipulation that states:

   *"It is expressly understood and agreed that this Stipulation only resolves the present Adversary Proceeding and the personal liability of Couttien for **debts and/or obligations incurred prior to May 13, 2014.*** *This Stipulation does not resolve the currently pending and/or stayed civil cases in the Court of Common Pleas of Pike County, Pennsylvania, involving the Parties to this stipulation. This Stipulation does not foreclosure future litigation that either Plaintiff may institute against Couttien."* *Words bolded for emphasis.

4. The stayed civil case referred to in paragraph 15 of The Stipulation is the State Case Debtor is now asking This Court to stay again without cause, because Creditors are pursuing Debtor in

that case as agreed to by the Parties in The Stipulation that was Ordered by This Court, because The State Case is nearing a Jury Trial where a jury will find Debtor liable to Creditors, based on Debtor's own admissions contained in Debtor's Affidavit. So, Debtor attorney in the State Case, who is not admitted to practice in Bankruptcy Court, has unscrupulously instructed to Debtor to file the frivolous Debtor MTR to try use and abuse This Court to further delay, frustrate and/or derail the State Case.

5. This Court's Order Of Discharge issued on June 26th, 2018 discharged Debtor's personal debts and obligations up to May 13th, 2014. However, as Debtor admitted in Debtor's Affidavit, Debtor stole Creditors' personal property, that Creditors are pursuing Debtor for in the State Case, in June 2014 which was after May 13th, 2013 and thus is not covered by the Discharge even if The Stipulation that specifically permits Creditors to purse the State Case did not exist.

6. Notably, Debtor has not claimed Creditors are pursuing any debt or obligation in the State Case that Debtor incurred before May 13th, 2013, because Creditors are not doing so.

7. Debtor's intentionally and knowingly lied to This Court, again, by stating in paragraph 5 of Debtor's MTR that The Stipulation limited Debtor's personal liability to sixteen thousand dollars ($16,000). Factually, paragraph 18 which is the closing paragraph of The Affidavit that is an integral part of The Stipulation specifically states;

   *"No part of the monetary settlement between myself [Debtor] and Plaintiffs [Creditors] was or is intended to constitute, or be construed; in any way, a payment or partial payment for the purchase and/or use of any of the personal property that I [Debtor] removed from the Real Property, but rather is only a settlement to defray the uncertainty of the outcome and cost of further litigation in the above-captioned Adversary Proceeding in an amount based upon a separate obligation."*

8. A plain layman's reading of The Affidavit makes clear that the money Debtor paid and must continue to pay to Creditors pursuant to The Stipulation was strictly to repay creditors for some [emphasis added] of the costs Creditors incurred to prosecute The AP against Debtor and was not or any other debt or obligation Debtor owes and/or is or becomes liable to Creditors for.

9. Debtor's admissions contained in The Affidavit unequivocally document Debtor's 1) theft of Creditors' personal property 2) the malicious and fraudulent acts Debtor committed against Creditors and 3) the perjury committed by Debtor in This Court and in the State Case.

10. To wit; paragraphs 10, 11, 12, 14, 15 and 16 of The Affidavit state;

Case 5:14-bk-02262-HWV    Doc 99    Filed 02/09/22    Entered 02/09/22 12:16:15    Desc
Main Document    Page 2 of 9

> *"10. When I [Debtor] vacated the Real Property, I removed personal property that I did not own, including items set forth in the replevin action indexed at docket no. 1171-CV-2013 [case Debtor agreed Creditors can pursue], having neither contributed money and/or any consideration for the purchase of the personal property."*
>
> *"11. I removed the items of personal property from the Real Property, without the knowledge, authorization and/or permission from Colbert and/or Harris."*
>
> *"12. I filed my Bankruptcy schedules on or about June 25, 2014. On the advice of my legal counsel, I listed on my bankruptcy schedules, the personal property, that was owned by Harris and Colbert, that I had removed without their knowledge or permission, from 440 Underhill Drive, Tamiment, PA 18371, when I vacated The Real Property in June 2014."*
>
> *"14. In 2013, during the time I had exclusive possession of the Real Property, I contacted Allstate Insurance Company by telephone and I requested that Colbert be removed from the then existing Home Owners Insurance Policy."*
>
> *"15. When I requested that Colbert be removed from the Home Owners insurance policy, I did so without his prior knowledge and/or permission and I was not authorized by Colbert or anyone else to remove Colbert from the then existing Home Owners Insurance Policy that had been issued and was at the time in force by Allstate Insurance Company."*

11. Debtor's unauthorized removal of Colbert from Allstate's Homeowners Insurance Policy that insured the personal property Debtor stole coupled with Debtor's false claim that Debtor was still an owner of The Real Property resulted in Allstate denying insurance claim Colbert filed with Allstate in August 2014.

12. In September 2014, Allstate informed Debtor's attorney that Allstate would keep Colbert's insurance claim open until Colbert provided Allstate proof that Debtor 1) was not an owner of The Real Property when Debtor stole Creditors personal property from The Real Property 2) had in fact stolen Creditors' personal property and 3) was removed from the insurance policy before Debtor committed the theft.

13. Debtor tactical filing for Chapter 7 bankruptcy just before the State Court hearing on Debtor's contempt of the State Court Order resulting in automatic stay of the State Case.
14. Debtor's tactical postponing of the 341 meeting, fighting against/delaying Debtor's 2004 Examination and challenging Creditor's discovery in The AP at every opportunity, through her bankruptcy attorney, caused so much time to pass that the one-year contractual time limit in the insurance policy for Colbert to commence legal action against Allstate lapsed.
15. Creditors provided The Affidavit that proved all the things Allstate requested. Allstate reopened Colbert's insurance claim and then summarily denied it anyway.
16. Creditors commenced a legal action against Allstate in June 2019, in Federal Court for the Middle District of Pennsylvania at Docket #3:20-cv-01066 ("The Federal Court") for Breach Of Contract, Unjust Enrichment, Bad Faith, Unfair And Deceptive Trade Practices and other claims.
17. Allstate filed a motion to dismiss Creditor's Complaint that The Federal Court Granted in part and Denied in part. To wit, The Federal Court dismissed Colbert's claim for Breach Of Contract and Unjust Enrichment because the one-year time limit, contained in the insurance policy, for Colbert to commence an action against Allstate lapsed. However, the Federal Court did not dismiss Colbert's other claims because they are not part of the insurance policy. Thus, Creditors cannot collect on Colbert's Allstate insurance claim for Debtor's theft of Creditors' personal property and Debtor is now solely responsible to pay for Creditors personal property that Debtor stole. Accordingly, Creditors can never obtain an adjudication that Allstate insured and must cover Creditors' claims against Debtor, as stated in paragraph 9 of Debtor's MTR.
18. Debtor, via her various politically connected attorneys in the State Case, has delayed discovery and the jury trial in the State Case for almost nine (9) years - since June of 2013.
19. The State Court has continually granted Debtor's attorney's continuances that aid Debtor and hurt Creditors, for political and other unjust reasons including in retribution for Harris appealing various unjust State Court Orders and having them all overturned/reversed by Superior Court of Pennsylvania.
20. For example, in its latest Opinion, issued on August 31st, 2021, that reversed the State Court's unjust dismissal of the lawsuit Creditor's commenced in September 2019 against Debtor and Debtor's daughter for Malicious Prosecution, Abuse Of Judicial Process and

other claims, Superior Court Of Pennsylvania admonished The State Court and stated it is not to act as Debtor's Advocate.

21. Here, Creditors have relied on The Stipulation and The Affidavit that were made an Order Of This Court to relist and continue prosecuting the previously stayed State Case against Debtor. Thus, Creditors will be severely prejudiced if This Court grants Debtor's MTR and/or stays the State Case because Creditors will continue to be without the payment for the person property Debtor admitted she stole from Creditors.

22. Here, Debtor delayed for over three (3) years since April 2019 when Creditors relisted the State Case before filing the frivolous Debtor's MTR that falsely claims Creditors violated This Court's Order of Discharge. This excessive delay by Debtor gives This Court grounds to deny Debtor's MTR based on the Doctrine of Laches. See In re Frasier, 294 BR 362.364 - Bankr. Court, D. Colorado 2003.

23. Paragraph 9 of Debtor's MTR states *"I file this Motion to obtain an Order Staying the matter in the Court of Common Pleas of Pike County until such time, if ever, Colbert and Harris have obtained an adjudication that Allstate insured and must cover the alleged claims of Colbert and Harris against me."*

24. Thus, the **only** relief Debtor seeks is 1) the first instance is impossible because The Federal Court already Dismissed Colbert's Breach Of Contract claim for Allstate's failure to pay Colbert's insurance claim for Debtor's theft of Creditors personal property and 2) clear evidence Debtor is trying to use This Court for the nefarious purpose of unjustly staying the State Case forever to the Creditors absolute and extreme prejudice.

25. Finally, This Court should consider that fact and injustice that Debtor has and continues to pay high-priced lawyers to delay entry of a judgement in favor of Creditors for the wrongful acts and theft Debtor has admitted in a sworn affidavit she committed against Creditors.

26. For the reasons stated above no cause exists for Debtor's bankruptcy case to be reopened.

27. Debtor has already been granted multiple continuances, by the State Court, equal to nearly one (1) year, sine March of 2020, due to Debtor's baseless claims 1) that The Stipulation does not permit Creditors to pursue Debtor in the State Case and 2) Debtor's claim made about six (6) months ago would be file a motion to reopen the bankruptcy case.

28. Creditors respectfully request This Court expeditiously issue a written decision Denying Debtor's MTR, so the hearing scheduled for March 9, 2022 in State Court can proceed.

29. A proposed Order is attached hereto.
30. The Certificate Of Service verifying this Pleading was served on Debtor by U.S. Mail with proof of mailing is attached hereto.
31. Undersigned Creditors declare under penalty of perjury the foregoing is true and correct.

**WHEREFORE**, Creditors respectfully requests This Court expeditiously issue an Order that 1) DENIES Debtor's Motion to Reopen Debtor's Bankruptcy Case 2) State that Creditors may continue to prosecute civil actions in State Case against Debtor and 3) award Creditors costs associated with Creditors responding to Debtor Motion To Reopen Bankruptcy Case of in an amount to be determined at a hearing scheduled by and held before This Court, upon Creditor request. Alternatively, if This Court grants Debtor's Motion To Reopen Bankruptcy Case, Creditors respectfully request This Court issue an Order stating 1) the State Case shall not be stayed pending a final decision by This Court and 2) Creditors are permitted to reopen Adversary Proceeding and proceed to trial against Debtor, at This Court's Docket No. 5:14-ap-02269.

Respectfully Submitted,

*Hal H. Harris* /s/          *Terrence A. Colbert* /s/
Hal H. Harris, Creditor          Terrence A. Colbert, Creditor

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| In Re: Leticia R. Couttien, | : | Chapter 7 |
| Debtor | : | Case No: 5:14-bk-02262-HWV |

## ORDER

After full consideration of Debtor Motion To Reopen Bankruptcy Case and Creditors Hal H. Harris' and Terrence A. Colbert's Opposition to Debtor Motion To Reopen Bankruptcy Case it is hereby

**ORDERED** that Debtors Motion To Reopen Bankruptcy Case is Denied. And,

**IT IS FURTHER ORDERED** the *Stipulation To Resolve Adversary Proceeding* and *Affidavit Of Debtor/Defendant* attached thereto that were made an ORDER of This Court pursuant to the Amended Order entered in This Court on February 28, 2018 does permits Hal H. Harris and Terrence A. Colbert to continue to prosecute their currently pending civil action(s) against Debtor, Leticia R. Couttien, in Court Of Common Pleas for Pike County, Pennsylvania and/or any other State or Federal Court those civil action(s) may be transfer to in the future.

**IT IS FURTHER ORDERED** Debtor shall pay Creditors, Hal H. Harris' and Terrence A. Colbert's, costs for responding to Debtor Motion To Reopen Bankruptcy Case in an amount to be determined at a hearing scheduled by and held before This Court, upon Creditor request.

**Entered This _____ Day of February 2022**

_____
**Honorable Henry W. Van Eck**
**Chief Judge**

**FORM C**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN THE MATTER OF:

| Leticia R. Couttien, | ) | | |
|---|---|---|---|
| | ) | Chapter: | 7 |
| | ) | | |
| | ) | Case Number: | 5:14-BK-02262-JJT/HEV |
| | ) | | |
| DEBTOR(S) | ) | | |

## CERTIFICATE OF SERVICE

I certify that I am more than 18 years of age and that on February 9, 2022, I served a copy of Creditors' Opposition To Debtor Motion To Reopen Bakruptcy Case on the following parties in this matter:

| Name and Address | Mode of Service |
|---|---|
| Leticia R. Couttien<br>104 Condor Drive<br>Tamiment, PA 18371 | U.S. Mail With Proof Of Mailing |
| | |
| | |
| | |
| | |

I certify under penalty of perjury that the foregoing is true and correct.

Date: February 9th, 2022

Name: s/ Hal H. Harris /s/
*Printed Name of Attorney*
Address: 315 Keswick Avenue

Bushkil, PA 18324    Tel: (570) 213-3648

Revised: 03/22/05

| | |
|---|---|
| **From:** | web@pamb.uscourts.gov on behalf of PAMB Web |
| **To:** | PAMBml_fax |
| **Subject:** | EDSS filing from Hal H. Harris, Creditor/Adversary Plaintiff for Leticia R. Couttien on Wednesday, February 9, 2022 - 11:23 |
| **Date:** | Wednesday, February 9, 2022 11:23:38 AM |

Submitted on Wednesday, February 9, 2022 - 11:23
Submitted by user: Anonymous
Submitted values are:

Filer's Name: Hal H. Harris, Creditor/Adversary Plaintiff
Debtor's name (if different): Leticia R. Couttien
Filer's EMail Address: hhh@harris3.com
Filer's Phone Number: (570) 213-3648
Case number (if known): 5:14-BK-02262-JJT/HVE
 ==Documents==
  Document 1:

http://www.pamb.uscourts.gov/system/files/webform/edss/20220209%20-%20Creditor%27s%20Opposition%20To%20Debtor%27s%20Motion%20To%20Reopen%20Bankruptcy%20Case%20%20%5BFinal%5D.pdf
    Document description: Opposition To Debtor Motion To Reopen Bankruptcy Case
   ==More Documents==
   Document 2:
   Document 2 description:
   Document 3:
   Document 3 description:
   Document 4:
   Document 4 description:
   Document 5:
   Document 5 description:


By entering my name in the box below, I affirm that I am intending to sign this form with my signature and consent to use this electronic form.: Hal H. Harris